In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Lands Required for the Improvement of the Water Front on the North River between West Eighteenth and West Twenty-third Streets.

ERIE RAILROAD COMPANY, Appellant.

Condemnation proceedings — election of remedies — when owner of building depreciated in value through the taking of adjoining premises used in connection therewith not estopped from claiming damages by suing and recovering for collapse of such building through negligent prosecution of the public work.

The commissioners of appraisal in this proceeding refused to allow to the appellant any consequential damages for the alleged depreciation in value of a freight house constructed and occupied by it growing out of the condemnation and appropriation by the city of certain lands formerly used in connection with such freight house. Appellant was the lessee from the same lessors of certain property situated on the east side of a street and of bulkhead property lying opposite on the west side of the same city street, both parcels being devoted to the common purposes of a freight yard. On the premises lying east of the street were located tracks and the freight house in question. On the bulkhead property there had been constructed piers and approaches, and by permission of the city tracks had been laid across the street so that cars could be moved between the bulkhead and the freight yard and freight house. The city instituted proceedings to condemn the bulkhead parcel and title thereto vested in it under said proceedings. Although none of the property occupied by the appellant for its freight yard lying east of the street was taken, it insists that the value of these premises and of its freight house were substantially impaired by reason of the condemnation and severance of the bulkhead property which had been used in connection therewith and by means of which it had obtained access to the river for the purpose of transporting its cars and freight. Subsequent to the date when the title to the bulkhead property vested in the city and the severance of that property from the freight yard had been effected, the city in the prosecution of certain work so undermined the freight house that it collapsed and was destroyed. The appellant thereupon brought an action against the city to recover dam-

ages caused by this tortious destruction of its property and therein recovered a verdict and judgment for the value of the freight house besides interest. The commissioners in this proceeding refused to make any award for damages to the freight house upon the ground that the suit against the city "constituted an election of remedies by the claimant and estops it from further recovery in this proceeding as the judgment in such suit is *res adjudicata.*" *Held,* that such ruling was erroneous and that the evidence that the value of its freight house was depreciated by the severance of the bulkhead property furnished a basis for an award of damages.

*Matter of City of New York,* 163 App. Div. 890, reversed.

(Argued February 26, 1915; decided March 23, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 15, 1914, which affirmed an order of Special Term confirming the report of commissioners in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Lansing P. Reed* and *Frederic B. Jennings* for appellant. The evidence that the diminution in value of the freight house due to the severance amounted to $8,074 is undisputed. (*Matter of City of New York,* 118 App. Div. 865; 189 N. Y. 508.) The commissioners erred in refusing to make an award to the claimant on the ground that the tort action against the city constituted an election of remedies by the claimant and estopped it from further recovery in this proceeding. (2 Black on Judgments, §§ 506, 725, 726; *E. S. M. Co.* v. *E. S. M. Co.,* 17 Fed. Rep. 408; *Cromwell* v. *County of Sac,* 94 U. S. 352; *Marsh* v. *Masterson,* 18 J. & S. 187; *Rudd* v. *Cornell,* 171 N. Y. 114; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *Slauson* v. *Englehart,* 34 Barb. 198; *Secor* v. *Sturgis,* 16 N. Y. 548.)

*Frank L. Polk, Corporation Counsel* (*Charles J. Nehrbas, Terence Farley* and *Charles D. Olendorf* of counsel), for respondent. The appellant failed to pro-

duce before the commissioners any evidence of damage to the freight house by reason of the severance. (*Matter of City of New York,* 198 N. Y. 84; *Village of St. Johnsville* v. *Smith,* 184 N. Y. 341.) The appellant recovered in the Supreme Court action the full value of the freight house, and the judgment in that action is a bar to the present claim. (*Oberfelder* v. *Met. R. R. Co.,* 138 N. Y. 181; *Westerfield* v. *Rogers,* 174 N. Y. 230; *Ziegler* v. *Freedman,* 120 App. Div. 344; *Secor* v. *Sturgis,* 16 N. Y. 554.) The prosecution by the appellant of the Supreme Court action constitutes an election of remedies. (*Terry* v. *Munger,* 121 N. Y. 161, 168; *Droege* v. *Ahrens & Ott Mfg. Co.,* 163 N. Y. 466; *Fowler* v. *Bowery Sav. Bank,* 113 N. Y. 450; *Pakas* v. *Hollingshead,* 184 N. Y. 211; *Ideal C. M. Co.* v. *Nat. Park Bank,* 159 App. Div. 344.)

HISCOCK, J. The Appellate Division has unanimously approved the action of commissioners in this proceeding in refusing to allow to the appellant any damages for the alleged depreciation in value of a freight house constructed and occupied by it by reason of the condemnation and appropriation by the city of certain lands formerly used in connection with such freight house.

On and prior to October 17, 1902, the appellant was the lessee from the same lessors of premises between Twenty-second and Twenty-third streets and east of Thirteenth avenue, and also of bulkhead property lying on the west side of said avenue and opposite to the first parcel. Both parcels were devoted to the common purposes of a freight yard. On the premises lying east of Thirteenth avenue were located tracks and the freight house in question. On the bulkhead property there had been constructed piers and approaches, and by permission of the city tracks had been laid across Thirteenth avenue so that cars could be moved between the bulkhead and the freight yard and freight house. The city instituted

proceedings to condemn the bulkhead parcel and title to said property under said proceedings vested in it on the date last mentioned.

The lease under which this property was held by the appellant extended to July 1, 1906, and provided for renewals at a rent to be agreed upon or determined by appraisal based upon the value of the land alone without any structures, or in lieu thereof for the payment by the lessors of the value of the buildings and structures erected by the lessee upon the leased premises.

Although none of the property occupied by the appellant for its freight yard lying east of Thirteenth avenue was taken, it insisted that the value of these premises and of its freight house were substantially impaired by reason of the condemnation and severance of the bulkhead property which had been used in connection therewith and by means of which it had obtained access to the North river for the purpose of transporting its cars and freight.

On the first hearing before the commissioners this claim was defeated, the commissioners taking the view that there was no basis for an award of damages. The Appellate Division affirmed the report on the different ground that the appellant had lost its right to damages because of certain agreements which it had made with the owners of the property relinquishing all claim to any portion of the award for the bulkhead proper and surrendering its leases. This court, however (193 N. Y. 117), held that by virtue of certain reservations contained in said agreement it had retained and reserved its claim to any damages resulting from the diminished value of its remaining structures caused by the severance of the bulkhead parcel, and it was further decided that under the circumstances a case existed for the application of the well-settled rule that where land taken in such proceedings is a portion of a greater tract which is used for one purpose and the part taken and the buildings upon it are necessary for the purposes to which the whole tract

had been devoted, the owner is entitled not only to the value of the land actually taken but to the difference between the value of the plant before the land was taken and the value after it was taken. Amongst other things, it was written: "Had the fixtures and structures in the freight yard belonged to the lessors they would concededly have been entitled to such damages as resulted from the diminished value of these appurtenances by reason of their severance from the property condemned. Had the lessee retained its interest in the lease the same elements would enter into any computation of the loss entailed upon their leasehold estate by the severance of the bulk-head rights from the structures and fixtures in the freight yard. Why should the rule of damages be any different in a case where the lessee and its lessors agree to divide an award which must have been to one or the other but for their agreement? The lessee's rights in the freight yard structures and fixtures were not affected by the surrender of the leases but by the act of the city in appropriating the bulkhead rights in connection with which the structures and fixtures referred to were used." (p. 126.)

In accordance with these views the proceedings were remitted to the Special Term for the purpose of directing the commissioners to re-apportion the damages awarded in accordance with the foregoing views, and it is this latter proceeding which has resulted in the appeal now before us.

Accepting the views expressed by us the appellant nevertheless has again been defeated by the commissioners and the courts below in its claim of consequential damages to its freight house by reason of certain facts which it was thought prevented it from asserting such claim.

In 1903 and thus some months subsequent to the date when the title to the bulkhead property vested in the city and the severance of that property from the freight yard

had been effected, the city in the prosecution of certain work so undermined the freight house that it collapsed and was destroyed. The appellant thereupon brought an action against the city to recover damages caused by this tortious destruction of its property and therein recovered a verdict and judgment of $8,300 as the value of the freight house besides interest. Under these circumstances the commissioners in this proceeding refused to make any award for damages to the freight house upon the ground that the suit against the city "constituted an election of remedies by the claimant and estops it from further recovery in this proceeding as the judgment in such suit is *res adjudicata*," and we assume that this ruling and view have been approved by the Appellate Division. I am unable to see how such suit in any manner constituted a bar to, or the damages therein recovered a satisfaction of, the claim now presented.

This claim is for damages measuring the depreciation in value of the freight house caused by the condemnation and severance of other property which theretofore had been used in connection with it and had made it more valuable. The acts causing these damages were consummated and any claim by reason thereof had accrued and was perfected on October 17, 1902, when title to the bulkhead property vested in the city and the severance was accomplished. Thenceforth, if the appellant is correct, the freight house had only a depreciated value. Therefore, when action was brought for its physical destruction several months afterwards all that possibly could be recovered was the depreciated value which was left after the severance had occured. These two claims or causes of action do not in any manner conflict with each other. Together they covered all the damages alleged to have been caused to the building by the various acts of the city from the date the condemnation proceedings were instituted to the time when the building was undermined and destroyed, but they do not in any degree overlap each

other. One claim commences where the other terminates and neither one is based on the same facts which afford support for the other. The mere fact that in the action for the destruction of the building the appellant placed upon it a value nearly as great as the original value now alleged to have been possessed by it does not present any inconsistency which as matter of law precludes prosecution of the present claim. Such course might tend to throw doubt on the accuracy of appellant's valuations but it did not impose upon it any election of remedies which estops it from asserting rights in this proceeding. Thus it appears that the ruling of the commissioners on this proposition was erroneous.

For the purpose of sustaining the decision adverse to appellant's claim even though based on an erroneous theory, it is further argued that the appellant produced no evidence that the value of its freight house was depreciated by the severance of the bulkhead property, and, therefore, was entitled to no award under any circumstances. I think this view is also without support, and that while the evidence produced on this subject may not have been as complete or as satisfactory as possible, it still furnished a basis for an award of damages.

Evidence was given that the value of the freight house before the severance of the bulkhead was $16,374.13. While it is true that the witness in giving this valuation took into account the structural cost of the building, it is not accurate to say, as the respondent does, that his valuation was based solely on such cost. On the contrary, he testified that such amount "was the value of the freight house located upon the yard on October 17, 1902, when used in connection with the bulkhead then in possession of the Erie Railroad." Thus we have an estimate of the value of the building before the condemnation proceedings were instituted. The same witness also testified that in his judgment the freight house would not be worth as much for other purposes. But beyond this it appears

that in the negligence action between these same parties under a direction by the court that the jury might find a verdict for such amount as they believed "the building added to the value of the land with interest from the date of the injury to the building," the jury awarded the verdict of $8,300 before referred to. It is urged by the respondent that while this was the correct measure of damages in that action it would be obviously unjust for the purposes of a measure of damages in this proceeding to compare that value with the structural cost of the building "for there is no testimony whatever to the effect that the building at any time added to the value of the land a sum equal to its structural cost." There would be force in this argument if it was justified by the evidence, but as I have already pointed out the testimony for the appellant not only dealt with the structural cost of the building, but also with its actual value when used in connection with the bulkhead in possession of the appellant. It seems to me that this latter evidence applied the same test to the value of the building at one end of the comparison that the verdict of the jury did at the other end and that the criticism of the respondent is avoided.

It is also said that some time had elapsed between the commencement of the condemnation proceedings and the date as of which the jury fixed the value of the building and that various things might have happened to depreciate its value in the meantime. I think, however, that in view of the character of the building and of the general surroundings portrayed by the evidence, it is safe to assume in the absence of testimony to the contrary that there had been no material change in the situation, character or value of the building between October 17, 1902, and May 13, 1903.

Thus it seems to us that evidence was produced which while not conclusive did tend to establish damages to the appellant in the respect now claimed and which

if considered would have justified an award by the commissioners.

In accordance with these views I think that the orders of the Appellate Division and the Special Term should be reversed and the proceedings remitted to the latter tribunal for the purpose of directing the commissioners to reapportion the damages in accordance with the foregoing views, with costs of this appeal in the Appellate Division and in this court.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, MILLER and CARDOZO, JJ., concur; SEABURY, J., absent.

Ordered accordingly.